

**FILED**
JUN 11 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM BRAVE BIRD, | * | CIV 11-3012-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| STATE OF SOUTH DAKOTA; TODD LOVE, Prosecutor; KELLY MARNETTE, Prosecutor; and JACK MAGEE, Court-appointed Counsel; | * | |
| Defendants. | * | |

Defendant, William Brave Bird, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Brave Bird named the state of South Dakota, prosecutor Todd Love, prosecutor Kelly Marnette, and Jack Magee, his court appointed counsel, as defendants. Defendants now move to dismiss Brave Bird's complaint for failure to state a claim upon which relief may be granted. Brave Bird's claims against the State of South Dakota and Todd Love are barred by sovereign immunity and his failure to allege that an official policy or custom led to the asserted constitutional violations. Brave Bird's claims against Kelly Marnette are barred by absolute prosecutorial immunity. Brave Bird's claims against Jack Magee fail because Jack Magee did not act under color of state law. For these reasons, defendants' respective motions to dismiss are granted.[1]

## I. BACKGROUND

---

[1] The State of South Dakota, Love, and Marnette also argued that Brave Bird's complaint did not contain sufficient facts to state a claim for relief and that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrine. The Court will not address these arguments because there are other grounds for dismissal.

Brave Bird alleges that Defendants conspired to deprive him of constitutional rights, resulting in an unlawful conviction in the Sixth Judicial Circuit in Hughes County, South Dakota. Brave Bird's 34-page amended complaint asserts a number of additional claims, which this Court addresses specifically as warranted.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss, the Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). In *Twombly*, the Supreme Court of the United States stated that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555; *see also Abdullah v. Minnesota*, 281 Fed. App'x 926, 927 (8th Cir. 2008) (per curiam) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Although "civil rights pleadings should be construed liberally," the complaint must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Pro se complaints are to be construed liberally, but "they must still allege facts sufficient

2

to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). This Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## III. DISCUSSION

### A. Brave Bird Has Not Alleged the Capacity in Which He Sues Defendants.

State officials may be sued in both their official and individual capacities. As a threshold matter this Court must consider whether the case is proceeding against Defendants in their individual or official capacities or both.

Defendants correctly assert that in the Eighth Circuit "absent a clear statement that officials are being sued in their personal capacities," a complaint under 42 U.S.C. § 1983 is interpreted as including only official capacity claims. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 430-31 (8th Cir. 1989). But the plaintiffs in the cases cited by defendants were represented by attorneys; Brave Bird is proceeding pro se. Pro se complaints are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Even so, pro se litigants must still comply with the Federal Rules of Civil Procedure. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522 (8th Cir. 1987).

Rule 9(a)(1) of the Federal Rules of Civil Procedure provides, "*Except when required to show that the court has jurisdiction*, a pleading need not allege a party's capacity to sue or be sued." Fed. R. Civ. P 9(a)(1)(A) (emphasis added). The Eleventh Amendment presents a

3

jurisdictional limit on federal courts in civil rights cases against states and their employees. *Rose v. State of Nebraska*, 748 F.2d 1258, 1262 (8th Cir. 1984) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)), *cert. denied*, 474 U.S. 1014 (1985). Thus, "Rule 9(a) appears to *require* [Brave Bird] to make a capacity allegation in the complaint." *See Nix*, 879 F.2d at 431 (emphasis in original). Because he has not done so, this Court construes his complaint as solely alleging claims against the defendants in their official capacities.

### B. Brave Bird's Claims Against the State of South Dakota and Special Assistant Attorney General Todd Love are Barred by Sovereign Immunity.

A claim against an individual state actor in his official capacity is in reality a complaint against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978)). Because the state's immunity has not been abrogated by Congress, an action is barred by the Eleventh Amendment if the state has not consented to suit. *See Quern v. Jordan*, 440 U.S. 332 (1979) (holding the passage of the Civil Rights Act of 1871 did not abrogate immunity under the Eleventh Amendment). Moreover, neither a state nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Because South Dakota has not consented to suit and its officials acting in their official capacities may not be sued for damages under § 1983, Brave Bird's damages claims against the State of South Dakota and Special Assistant Attorney General Todd Love are barred.

4

Brave Bird's claims for injunctive relief also are barred. A governmental entity is liable under § 1983 "only when the entity itself is a moving force behind the violation. That is, the entity's official policy or custom must have caused the constitutional violation." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). "Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (internal quotation marks omitted) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Brave Bird has not identified any official policy or custom of the state that led to any alleged violation of his constitutional rights. Thus, Brave Bird has failed to state a claim upon which relief may be granted against the State of South Dakota and Special Assistant Attorney General Todd Love.

### C.  Brave Bird's Claims Against Kelly Marnette are Barred by Prosecutorial Immunity.

Brave Bird also asserts claims against Kelly Marnette. Brave Bird's complaint refers generally to the "prosecutor" or "state" or "government," rather than identifying who allegedly committed what acts. Marnette first asks that this court take judicial notice of the fact that she was a prosecutor acting on behalf of Hughes County, South Dakota, during the time period relevant to Brave Bird's complaint. Because Marnette's status and subject matter jurisdiction as a Hughes County State's Attorney are generally known within the territorial jurisdiction of this court and are capable of accurate and ready determination from unquestionable sources, judicial notice is proper. *See* Fed. R. Evid. 201. Marnette's request for judicial notice is granted, and this Court takes judicial notice of her status and jurisdiction as a prosecutor acting on behalf of Hughes County.

5

Marnette next argues that Brave Bird's claims against her are barred by absolute prosecutorial immunity.[2] In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court of the United States held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). In other words, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Brave Bird's amended complaint contains the following allegations, which all seem to relate to a prosecutor's role as an advocate for the state:

> (1) "Government did not think their case was air tight, so they tried to bolster it improperly . . ." Doc. 9 at 3.
>
> (2) "State's use of improper extra-judicial statement without according Plaintiff procedural or substantive due process bolsted [sic] his right to prove victim's culpability to defraud the Court." *Id.* at 4.
>
> (3) "Plaintiff alleges statement in government's motion was fraudulent and hence incorrect since it had left the implication that the burden was upon the Plaintiff to raise or create a reasonable doubt without referring to the exception that such reasonable doubt may have been raised or created in the mind of the Judge from evidence supplied by the state." *Id.* at 6-7.

---

[2] Defendant Todd Love also argues that he is entitled to absolute prosecutorial immunity because he was acting in his capacity as Special Assistant Attorney General during the time relevant to the complaint. Because Brave Bird's claims for money damages against Special Assistant Attorney General Love are barred by sovereign immunity and his claims for injunctive relief fail, this Court does not need to consider Special Assistant Attorney General Love's argument that he is entitled to absolute prosecutorial immunity.

(4) "Here, Plaintiff alleges state's false claim in it's [sic] pre-trial motion allowed state to portay [sic] him as an extremely dangerous person, whose alleged act of a false violation, was an imminent threat to victim, is a violation of SDCL § 19-12-3." *Id.* at 7.[3]

(5) "Here, State systematically abused its discretion when it arbitrarily and capriciously allowed witness to make an improper extra-judicial statement that was highly prejudicial to plaintiff's rights, without according plaintiff procedural due process . . . State and counsel had in their possession, witness statemets [sic] from Plaintiff, but suppressed them from Court." *Id.* at 10.

(6) "Plaintiff alleges the state, thru [sic] its actors, described herein, despite the Constitutional requirements, proceeded to violate his right to a fundamentally fair trial that led up to an unlawfully obtained plea and conviction: first by the prosecutor to unconscionably consider it's [sic] ministerial duties in a criminal trial, to evenhandedly apply the law, constituting an intolerable lack of fairness." *Id.* at 14.

(7) "Plaintiff alleges counsel acted in collusion with State, by indulging in 'sneaky like tactics' with Prosecutor to indirectly influence Plaintiff's apperant [sic] consent to a plea of guilty . . ." *Id.* at 15.

These specific allegations, together with the remainder of Brave Bird's allegations, demonstrate that the actions and omissions that he claims as violations of his constitutional rights were actions Marnette took in her role as an advocate for the state. Thus, Marnette is entitled to absolute prosecutorial immunity and Brave Bird's claims against her fail.

### D. Court Appointed Counsel Jack Magee Did Not "Act Under Color of State Law."

Brave Bird's final claim is against defendant Jack Magee, his court appointed counsel. The record shows that Magee was never served with Brave Bird's complaint, although a summons was issued. *See* Doc. 15, Return of Service Unexecuted as to Jack Magee. Thus, Brave Bird's claims

---

[3] SDCL 19-12-3 is South Dakota's version of Rule 403 of the Federal Rules of Evidence. It provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

7

against Magee would normally be subject to dismissal. *See* Fed. R. Civ. P. 4(m) (providing that if a defendant is not served within 120 days after the complaint is filed the court must dismiss the action without prejudice against that defendant). But Brave Bird was granted leave to proceed in forma pauperis in his lawsuit against Defendants. *See* Doc. 6. Thus, Brave Bird was not responsible for effecting service of process, because 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process and perform all duties" in cases where a prisoner is granted leave to proceed in forma pauperis. Thus, the Court finds dismissal on grounds of failing to comply with Rule 4(m) would be inappropriate. *See Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (holding that when a prisoner is granted leave to proceed in forma pauperis pursuant to § 1915, "the marshal's failure to effect service is automatically good cause within the meaning of Rule 4(m)") (internal citations omitted). Based on this authority, the U.S. Marshals Service's failure to properly serve process upon defendants typically would require a court to "extend the time for service for an appropriate period." *Persons v. WDIO-TV*, No. 09-2884, 2010 WL 3521950 at *6 (D. Minn. Aug. 9, 2010) (quoting Fed. R. Civ. P. 4(m)). But extending the time for service is unnecessary in this case because Brave Bird's allegations against Magee fail to state a claim upon which relief may be granted.

Section 1915(e)(2) requires this court to dismiss an in forma pauperis case "at any time if the court determines that . . . that action . . . fails to state a claim upon which relief may be granted." In *Polk County v. Dodson*, 454 U.S. 312, 324 (1981), the Supreme Court of the United States held that a public defender does not "act under color of state law" when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because Brave Bird's allegations against Magee are based on his performance as court-appointed counsel, Brave Bird

8

has failed to state a claim upon which relief may be granted against Magee. *See Zutz*, 601 F.3d at 848 (to state a claim for relief under § 1983, a plaintiff must allege facts tending to show that the defendants acted under color of state law). Therefore, it is

ORDERED that Defendant Kelly Marnette's motion to dismiss (Doc. 19) is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is further

ORDERED that Defendants State of South Dakota and Todd Love's motion to dismiss (Doc. 22) is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It is further

ORDERED that Brave Bird's claims against Defendant Jack Magee are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Dated June 11, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE